IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 15-02987 (MCF) |
| **HIPÓLITO RAMOS HERRERA** | CHAPTER 7 |
| Debtor | |
| **BANCO COOPERATIVO DE PUERTO RICO** | ADVERSARY CASE NO. 16-00280 (MCF) |
| Plaintiff | |
| V. | |
| **HIPÓLITO RAMOS HERRERA; ROBERTO ROMÁN VALENTÍN as Chapter 7 Trustee** | |
| Defendants | |

**OPINION AND ORDER**

Before the court is a motion to dismiss the instant adversary proceeding filed by the defendant Hipólito Ramos Herrera (hereinafter "Defendant") (Docket No. 11) and an opposition filed by the plaintiff Banco Cooperativo de Puerto Rico (hereinafter "Plaintiff"). For the reasons stated herein, the court dismisses the adversary proceeding for failure to state a claim.

In the complaint, Plaintiff asserts two grounds to object to Defendant's discharge. Count one is an objection to discharge in accordance with the court's Orders dated September 6 and 29, 2016 (Docket Nos. 153 & 156, Case No. 15-02987). Count two is an objection to discharge due to the pending objection to Defendant's claim of exemptions in the legal case.

-1-

Defendant moves to dismiss the complaint for two reasons: (1) the summons was untimely served and (2) the complaint fails to state a cause of action. Plaintiff opposes dismissal stating that the summons was timely served and that it made sufficient pleadings to demonstrate a plausible claim for relief. [1]

## I. Standard for Motion to Dismiss under Civil Rule 12(b)(2)[2]

Defendant contends that Plaintiff served the summons beyond the seven day period required by Rule 7004(e) of the Federal Rules of Bankruptcy Procedure and that as such this court lacks personal jurisdiction over Defendant. Rule 12(b)(2) of the Federal Rules of Civil Procedure, made applicable in this proceeding through Fed. R. Bankr. P. 7012(b), provides that a defendant may move for dismissal for lack of personal jurisdiction. Service of the summons is the means by which the court obtains personal jurisdiction over a defendant. When jurisdiction has been challenged through a Rule 12(b)(2) motion to dismiss, it is incumbent upon the plaintiff to prove that personal jurisdiction over the defendant exists. Massachusetts School of Law at Andover, Inc. v. American Bar Association, 142 F.3d 26, 34 (1st Cir. 1998); Alers-Rodriguez v. Fullerton Tires Corp., 115 F.3d 81, 83 (1st Cir. 1997). It has long be held that without personal jurisdiction, a court is without power to adjudicate a claim or obligation of a person and any judgment or order so rendered is null and void. General Contracting & Trading Co. v. Interpole, Inc., 899 F.2d 109, 114 (1st Cir. 1990). While the plaintiff must ultimately shoulder the burden

---

[1] Docket No. 13 at 2, ¶ 8. Furthermore, Defendant argues that the Plaintiff's Objection to Exemption regarding jewelry and a vehicle in the legal case is moot because the Trustee abandoned the property. However, the court does not see how granting or denying the objection to exemption will have an impact on a debtor's discharge. An order granting an objection to exemption is not a ground for objection to discharge. See 11 U.S.C. § 727. Plaintiff's opposition does not address the issue of mootness. Nevertheless, the court is entering an order for Plaintiff to show cause in the legal case why the Plaintiff's Objection to Exemption (Docket No. 93, Case No. 15-02987) is not moot.

[2] Unless expressly stated otherwise, all references to "Bankruptcy Code" or to specific statutory sections shall be to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101, et seq. All references to "Rule or Rules" are to the Federal Rules of Civil Procedure. References to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure.

of proving the existence of personal jurisdiction, when, as now, the court considers the motion to dismiss without a hearing, the plaintiff need only make a *prima facie* showing of jurisdiction.[3]

Plaintiff filed the complaint on December 21, 2016, and the Clerk of Court issued the summons on December 22, 2016. The following day, December 23, 2016, Plaintiff served upon Defendant a copy of the complaint and summons by certified mail, as demonstrated on Docket No. 5 filed on December 28, 2016. Defendant makes a bald assertion that the summons was sent on January 3, 2017. No evidence was provided to refute the postal stamp of December 23, 2016, on the U.S. Postal Service Certified Mail Receipt.[4] Defendant was properly served with the summons. Thus, the court has personal jurisdiction over the Defendant. Consequently, the motion to dismiss for want of jurisdiction is denied.

## II. Standard for Motion to Dismiss under Rule 12(b)(6)

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to assess the legal feasibility of a complaint, not to weigh the evidence which the plaintiff offers or intends to offer. Velez-Arcay v. Banco Santander de P.R. (In re Velez-Arcay), 499 B.R. 225, 230 (Bankr. D.P.R. 2013). Rule 8(a)(2) of the Federal Rules of Civil Procedure applicable to adversary proceedings through Fed. R. Bankr. P. 7008, mandates that complaints contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Although detailed factual allegations are not required, the Rule does call for sufficient factual matter." Surita Acosta v. Reparto Saman Inc., 464 B.R. 86, 90 (Bankr. D.P.R. 2012). Therefore, to survive a 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter that, accepted as true, "state[s] a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the pleaded factual

---

[3] Sawtelle v. Farrell, 70 F.3d 1381, 1386 n.1 (1st Cir. 1995).
[4] Docket Nos. 5-7.

content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556. The Twombly standard was further developed in Ashcroft v. Iqbal, 556 U.S. 662 (2009), advising lower courts that "determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. In sum, allegations in a complaint cannot be speculative and must cross "the line between the conclusory and the factual." Peñalbert-Rosa v. Fortuño-Burset, 631 F.3d 592, 595 (1st Cir. 2011). "[A]n adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 11 (1st Cir. 2011).

Turning to the allegations of the complaint, Plaintiff avers that the Defendant is not entitled to discharge, pursuant to 11 U.S.C. §§ 727(b), 502(j), & 105(a), which altogether constitute the objection to discharge.

**(a)    Section 727(b)**

Section 727(b) is the only section raised by Plaintiff with regards to discharge, and it reads:

> Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title,

-4-

and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.

11 U.S.C. § 727(b).

Section 727(b) does not give a creditor the right to object to a discharge. The specific subsection of the Code which permits objections by creditors is § 727(c)(1) which reads as follows: "[t]he trustee, a creditor, or the United States trustee may object to the granting of a discharge under subsection (a) of this section." 11 U.S.C. § 727(c)(1). The grounds for denying a debtor's discharge are limited to those clearly expressed in § 727(a). Any grounds that are not expressly included are excluded by implication.[5] In order to succeed with its objection to discharge, Plaintiff must ground its request on one or more of the provisions stated in § 727(a)(1)-(12).[6]

**(b)    Section 105(a)**

Plaintiff contends, that under § 105(a),[7] the orders entered in the legal case on September 6 and 29, 2016, permitted it to secure a lien on the subject property.  This is incorrect

The September 6, 2016 order relates to a motion for relief of stay, pursuant to 11 U.S.C. § 362 (the "362 Motion"). At the hearing, both parties—Plaintiff (Movant in the legal case) and Defendant (the Debtor in the legal case)—agreed that there was no automatic stay in place because the subject property was Defendant's homestead and therefore not property of the estate.

---

[5] 6 Collier on Bankruptcy ¶ 727.01[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

[6] Id.

[7] Section 105(a) reads:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a).

-5-

It was undisputed that Defendant had filed two bankruptcy cases within a year and had not requested that the automatic stay be extended within the period established by 11 U.S.C. § 362 (c)(3)(b). However, such as an extension would have only applied to property of the estate and not to Defendant's exempt property based on In re Jumpp, 356 B.R. 789 (B.A.P. 1st Cir. 2006). Hence, this court has no jurisdiction over the homestead property.  Under no circumstances has this court granted Plaintiff leave to record its unrecorded mortgage over Defendant's homestead or to secure better rights than it actually has in the bankruptcy case.

At the hearing to consider the 362 Motion, the court warned Plaintiff that if the discharge was entered it could not pursue any available state law remedies on its prepetition claim against the Defendant because it would be in violation of the discharge. The property is Defendant's homestead; it may be protected from creditors' reach unless the creditor falls under the statute's exception as a mortgagee, taxing authority or a general contractor.  Homestead Right and Family Home Protection Act, P.R. Laws Ann. tit. 31, §§ 1851-1857, as amended by Act No. 195 of September 12, 2011. Plaintiff then proceeded to file this baseless adversary action to impede the entry of discharge. Plaintiff fails to assert a factual or statutory basis for discharge in its complaint.

Subsequently, on September 9, 2016, Plaintiff objected to the trustee's abandonment of Defendant's homestead property, alleging that it wished to preserve any rights it could prosecute under local law, namely, an action to register its mortgage deed over Defendant's homestead property. A chapter 7 trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. 11 U.S.C.     § 554(a). Plaintiff raised no relevant objection with regard to the benefit or value that the homestead

property may have on the estate.[8] The property in question is not property of the estate but instead, Debtor's exempt homestead property. On September 29, 2016, the court entered an order in essence reiterating the court's September 6, 2016 Order stating that creditor was free to pursue any available state law remedies that it might have; the property does not belong to the estate anymore and creditor should proceed as such. The court's September 29, 2016 Order did not allow Plaintiff's request for this court to retain jurisdiction of Debtor's homestead property solely for the benefit of it, especially in light of the September 6, 2016 Order.

In Law v. Siegel, 134 S. Ct. 1188 (2014), the Supreme Court unanimously found that § 105(a) of the Bankruptcy Code confers courts authority to "carry out" the provisions of the Code, but it is quite impossible to do that by taking actions that contravene the Code or that the Code prohibits. That is simply an application of the axiom that a statute's general permission to take actions of a certain type must yield to a specific prohibition found elsewhere. Siegel, 134 S. Ct. at 1194.[9] The Supreme Court has long held that "whatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of" the Bankruptcy Code. Id. at 1195.

The court's September 6 and 29, 2016 Orders do not provide a factual or legal basis for denying Debtor's discharge. Therefore, the court's Orders cannot be construed by Plaintiff to contravene § 727(a), which enumerates the grounds to deny discharge.

Consistent with the congressional policy of providing the honest debtor with a fresh start, courts construe the discharge provisions of the Bankruptcy Code liberally in favor of the debtor

---

[8] "Abandonment under § 554 is "not intended as a process to determine and resolve conflicts regarding who has title to the abandoned property or the validity of competing liens or other interests of third parties in the property." In re Bray, 288 B.R. 305, 307 (Bankr. S.D. Ga. 2001) (Internal quotations and citations omitted).

[9] See Morton v. Mancari, 417 U. S. 535, 550-551 (1974); D. Ginsberg & Sons, Inc. v. Popkin, 285 U. S. 204, 206-208 (1932).

and strictly against the party opposing discharge. In re Watman, 301 F.3d 3, 7 (1st. Cir. 2002). "[T]he reasons for denying a discharge must be real and substantial, not merely technical and conjectural." In re Burgess, 955 F.2d 134, 137 (1st. Cir. 1992). The party objecting to a chapter 7 discharge bears the burden of proving by the preponderance of the evidence a ground for denial of discharge. Fed. R. Bankr. P. 4005; In re Hayes, 229 B.R. 253 (1st. Cir. BAP 1999). The right to a discharge should ordinarily be construed liberally in favor of the debtor and the provisions for its denial construed strictly against the creditor. In re Tully, 818 F.2d. 106, 110 (1st. Cir. 1987) (citing Dilworth v. Boothe, 69 F.2d. 621, 624 (5th Cir. 1934)). The bar of a debtor's discharge is an exception to the norm of granting it a discharge and as such, "exceptions to discharge are narrowly construed in furtherance of the Code's fresh start policy." In re Schifano, 378 F.3d. 60, 66 (1st. Cir. 2004). Plaintiff has failed to state in its complaint an objection to discharge enumerated in any of the paragraphs (1) through (12) of § 727(a) of the Bankruptcy Code.

**(c)      Section 502(j)**

Plaintiff alleges in its complaint that the court's September 6 and 29, 2016 Orders allow it to pursue its claim in local court by procuring a lien and to subsequently have the bankruptcy court reconsider the unsecured status of its claim as secured under § 502(j). Plaintiff's requested relief under § 502(j) implies that the court would preemptively deny the discharge of Defendant's debt whilst it procures to improve its position as an unsecured creditor outside of bankruptcy. Once its unsecured claim becomes secured, Plaintiff avers discharge would then be precluded.[10] However, as previously mentioned, its theory is not sustained by this court's Orders. The court's Orders never authorized the Plaintiff, an unsecured creditor, to improve its position such as by recording a lien on the homestead. It could pursue any available remedy it has under

[10] Docket No. 1, Complaint, ¶¶ 28, 33-34.

state law; the court did not say it has a state law remedy.

Reconsideration of a claim under § 502(j) is a two-step process: (1) a showing of cause for reconsideration; and (2) a determination of the claim according to the equities of the case. Municipality of Carolina v. Gonzalez, 490 B.R. 642, 651 (B.A.P. 1st Cir. 2013). Cause as required by § 502(j) is not defined. Instead, the bankruptcy court is given wide discretion in determining what constitutes adequate cause for the reconsideration of a claim. Courts have held that the party moving for reconsideration under § 502(j) bears the burden of showing "cause." Jones v. Carrington Mortg. Servs., LLC, No. 10-10510-NMG, 2011 U.S. Dist. LEXIS 29199, 2011 WL 1103020, at 2 (D. Mass. Mar. 22, 2011). See In re Rayborn, 307 B.R. 710, 720 (Bankr. S.D. Ala. 2002); Santos v. Mender, 349 B.R. 762, 769-770 (B.A.P. 1st Cir. 2006).

The September 6 and 29, 2016 Orders, expressing that there is no automatic stay in place and allowing Plaintiff to pursue any state law remedies, do not entitle Plaintiff to object to Debtor's discharge. Likewise, they do not constitute cause for a reconsideration of its claim. The party moving for reconsideration bears the burden of showing cause. Without proper cause, there can be no basis for the allowance of a previously disallowed claim. Plaintiff failed to meet its burden of showing "cause" for the court to reconsider its unsecured claim at this point given that Plaintiff does not have a recorded mortgage over Defendant's homestead. Although Plaintiff argues that the equities weigh in favor of "reconsideration of the claim" under § 502(j), there is no factual basis for the court to reconsider its claim. Thus, § 502(j) does not provide support for Plaintiff's argument.[11] To the extent that Plaintiff raises § 502(j) as a basis to object to Defendant's discharge under § 727(a), its request is denied for failure to state a colorable claim

---

[11] Likewise, any request for this court's clarification or reconsideration of the orders dated September 6 and 29, 2016, should have been timely asserted in the legal case through Bankruptcy Rule 9023 or under the mantle of Bankruptcy Rule 9024.

to oppose discharge under subsections (1) through (12) of § 727(a) of the Bankruptcy Code. As such, Plaintiff's factual allegations do not pass muster under a Rule 12(b)(6) challenge.

WHEREFORE, IT IS ORDERED that Defendant's motion to dismiss is denied in part and granted in part. The motion to dismiss under Rule 12(b)(2) for want of jurisdiction is denied. The motion to dismiss for failure to state a claim for relief under Rule 12(b)(6) is granted. Consequently, the adversary complaint is hereby DISMISSED.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of April 2017.

_____
MILDRED CABÁN FLORES
United States Bankruptcy Judge

-10-